UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
AUG 1 7 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

CASE NO: 5:05-M-820

| | |
|---|---|
| UNITED STATES OF AMERICA | } |
| V. | } CRIMINAL INFORMATION |
| AGNEW, Charles C. | } |
| Fort Bragg, NC 28310 | } |

Defendant:

2005 JUL 31 A 11:... RECEIVED

The United States Attorney charges:

COUNT I

THAT, on or about August 9, 2005, on the Fort Bragg Military Reservation, an area within the special maritime and territorial jurisdiction of the United States and within the Eastern District of North Carolina, CHARLES C. AGNEW, did operate a motor vehicle upon a street, highway, or public vehicular area while under the influence of an impairing substance and/or after having consumed sufficient alcohol that he had, at a relevant time after driving, a blood alcohol concentration of 0.08% or more; in violation of Title 18, United States Code, Section 13, assimilating North Carolina General Statute 20-138.1.

COUNT II

THAT, on or about August 9, 2005, on the Fort Bragg Military Reservation, an area within the special maritime and territorial jurisdiction of the United States and within the Eastern District of North Carolina, CHARLES C. AGNEW, did drive a motor vehicle upon a street, highway, or public vehicular area carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, in

violation of Title 18, United States Code Section 13, assimilating North Carolina General Statute 20-140(a).

COUNT III

THAT, on or about August 9, 2005, on the Fort Bragg Military Reservation, an area within the special maritime and territorial jurisdiction of the United States and within the Eastern District of North Carolina, CHARLES C. AGNEW, did recklessly operate a motor vehicle upon a street, highway, or public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, in violation of Title 18, United States Code Section 13, assimilating North Carolina General Statute 20-140(b).

COUNT IV

THAT, on or about August 9, 2005, on the Fort Bragg Military Reservation, an area within the special maritime and territorial jurisdiction of the United States and within the Eastern District of North Carolina, CHARLES C. AGNEW, did operate a vehicle on a street and did move from a lane without first ascertaining that such movement could be made safely, in violation of Title 18, United States Code, Section 13, assimilating North Carolina General Statute 20-146(d)(1).

FRANK D. WHITNEY
UNITED STATES ATTORNEY

BY: /s/ Samantha T. Shoell
SAMANTHA T. SHOELL
Special Assistant United States
Attorney
XVIII Airborne Corps & Ft Bragg
Fort Bragg, NC 28307-5000
(910) 396-1221/1222

[Certification stamp: foregoing to be a true and correct copy of the original. Fred L. Borch III, Clerk, United States District Court, Eastern District of North Carolina, Deputy Clerk]

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Eastern District of North Carolina - Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**CHARLES C. AGNEW** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **5:05-0820M-001**<br>**CULL JORDAN, ESQ.**<br>Defendant's Attorney |

**THE DEFENDANT:**

[x] pleaded guilty to count(s)  1
[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 13 NCGS 20-138.1 | LEVEL 5 - DRIVING WHILE IMPAIRED | 08/09/2005 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
[x] Count(s)  2-4  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:
Defendant's Date of Birth:
Defendant's USM No.:
Defendant's Residence Address:

FAYETTEVILLE                NC

Defendant's Mailing Address:

FAYETTEVILLE                NC

11/15/2005
Date of Imposition of Judgment

*/s/ E.S. Swearingen*
Signature of Judicial Officer

**E.S. SWEARINGEN**
**U.S. MAGISTRATE JUDGE**
Name & Title of Judicial Officer

Nov- 21, 2005
Date

foregoing to be a true and correct copy of the original.
Fred L. Borch III, Clerk
United States District Court
Eastern District of North Carolina
/s/ Deputy Clerk

COPIES DISTRIBUTED

Case 1:06-cr-00182-SRW   Document 2   Filed 07/31/2006   Page 4 of 10
Case 5:05-mj-00820-SES   Document 5   Filed 11/15/2005   Page 2 of 5
AO 245B (Rev. 3/95) Sheet 4 - Probation

Judgment-Page  2  of  5

DEFENDANT:     CHARLES C. AGNEW
CASE NUMBER:   5:05-0820M-001

## PROBATION

The defendant is hereby placed on probation for a term of     12     month(s)

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

> If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page    3

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/95) Sheet 4 - Probation

Judgment-Page 3 of 5

DEFENDANT: CHARLES C. AGNEW
CASE NUMBER: 5:05-0820M-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall perform 24 hours of community service during Probation as directed by the probation office and if referred for placement and monitoring by the State of North Carolina, pay the required $200.00 fee.

The defendant shall obtain a substance abuse assessment from an appropriate mental health facility within thirty (30) days from the date of this judgment and complete any prescribed treatment program. The defendant must pay the assessment fee and any added treatment fees that may be charged by the facility.

It is further ordered that the defendant shall participate in any other Alcohol/Drug Rehabilitation and Education program as directed by the U.S. Probation Office.

The defendant shall not operate a motor vehicle on the highways of the State of North Carolina until his/her privilege to do so is restored in accordance with law.

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page 4 of 5

DEFENDANT: CHARLES C. AGNEW
CASE NUMBER: 5:05-0820M-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 10.00 | $ 200.00 | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page 5 of 5

DEFENDANT: **CHARLES C. AGNEW**
CASE NUMBER: **5:05-0820M-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ See special instructions below

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**BALANCE OF FINANCIAL IMPOSITION DUE DURING TERM OF PROBATION.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, U.S. District Court, Attn: Financial Unit, Post Office Box 25670, Raleigh, NC 27611, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

CLOSED

# U.S. District Court
# Eastern District of North Carolina (Western Division)
# CRIMINAL DOCKET FOR CASE #: 5:05-mj-00820-SES-ALL
# Internal Use Only

| | |
|---|---|
| Case title: USA v. Agnew | Date Filed: 08/17/2005 |

Assigned to: USMJ E. S. Swearingen

**Defendant**

| | | |
|---|---|---|
| **Charles C. Agnew** (1)<br>*TERMINATED: 11/15/2005* | represented by | **Charles C. Agnew**<br>No Current Address<br>PRO SE |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:13-7210.M NCGS 20-138.1 DWI DRUNKEN DRIVING<br>(1) | Level 5 - 12 mos. prob., 24 hrs c/s, sub. assessment, any further tmt., not operate motor vehicle in NC, 10/200, Jurisdiction Transferred to MDAL |
| 18:13-7220.P COUNT 2: NCGS 20-140(a) Careless and reckless by manner; COUNT 3: NCGS 20-140(b) Careless and Reckless by Speed; COUNT 4: NCGS 20-146(d)(1) Failure to maintain lane<br>(2-4) | DISMISSED |

I certify the foregoing to be a true and correct copy of the original.
Fred L. Borch III, Clerk
United States District Court
Eastern District of North Carolina
By _____ Deputy Clerk

| **Highest Offense Level (Terminated)** | |
|---|---|
| Misdemeanor | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**
**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2005 | | Address for Charles C. Agnew: B Company WAMC, Bldg 1-1938, Rm 225, Fort Bragg, NC 28310 (sp) (Entered: 08/18/2005) |
| 08/17/2005 | 1 | INFORMATION as to Charles C. Agnew (1) count(s) 1, 2-4 (sp) (Entered: 08/18/2005) |
| 08/17/2005 | | Issued NOTICE TO APPEAR as to Charles C. Agnew : setting Initial Appearance before USMJ William T. Prince for 8:30 9/12/05 in Fayetteville for Charles C. Agnew (sp) (Entered: 08/18/2005) |
| 08/22/2005 | | Letter returned (st) (Entered: 08/22/2005) |
| 09/12/2005 | 2 | MOTION by Charles C. Agnew to continue (st) (Entered: 09/12/2005) |
| 09/12/2005 | 2 | ORDER as to Charles C. Agnew granting [2-1] motion to continue as to Charles C. Agnew (1), and reset Initial Appearance before USMJ E. S. Swearingen for 8:30 10/18/05 for Charles C. Agnew ( Signed by USMJ Prince ) (st) (Entered: 09/12/2005) |
| 10/18/2005 | 3 | MOTION to Continue by Charles C. Agnew. (Deputy Clerk, STP) (Entered: 10/21/2005) |
| 10/18/2005 | 4 | ORDER as to Charles C. Agnew re 3 MOTION to Continue filed by Charles C. Agnew,, Motions terminated as to Charles C. Agnew: 3 MOTION to Continue filed by Charles C. Agnew,. Initial Appearance set for 11/15/2005 08:30 AM before USMJ E. S. Swearingen.. Signed by Judge E. S. Swearingen on 10/18/5. (Deputy Clerk, STP) (Entered: 10/21/2005) |
| 11/15/2005 | | Case as to Charles C. Agnew reassigned to Judge E. S. Swearingen. Judge William T. Prince no longer assigned to the case. (Deputy Clerk, STP) (Entered: 11/21/2005) |
| 11/15/2005 | | Minute Entry for proceedings held before Judge E. S. Swearingen :Initial Appearance as to Charles C. Agnew held on 11/15/2005 (Court Reporter computer.) (Deputy Clerk, STP) (Entered: 11/21/2005) |
| 11/15/2005 | | Minute Entry for proceedings held before Judge E. S. Swearingen :Plea and Sentence Hearing held on 11/15/2005 Charles C. Agnew (1) Plea of guilty and sentencing on Count 1Charles C. Agnew (1) Dismissed counts Count 2-4. (Court Reporter computer.) (Deputy Clerk, STP) (Entered: 11/21/2005) |
| 11/15/2005 | 5 | JUDGMENT as to Charles C. Agnew (1), Count(s) 1, Level 5 - 12 mos. prob., 24 hrs c/s, sub. assessment, any further tmt., not operate motor vehicle in NC, 10/200; Count(s) 2-4, DISMISSED . Signed by Judge E. S. Swearingen on 11/21/5. cys dist (Deputy Clerk, STP) (Entered: 11/21/2005) |

| 11/15/2005 | | ***Set/Clear Flags as to Charles C. Agnew (Deputy Clerk, STP) (Entered: 11/21/2005) |
| --- | --- | --- |
| 07/28/2006 | 6 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to MDAL Counts closed as to Charles C. Agnew (1) Count 1,2-4. (Deputy Clerk, STP) (Entered: 07/28/2006) |